## Scott v. Four Hundred and Forty-Five Tons of Coal.

*(Circuit Court, D. Connecticut.   October 30, 1889.)*

SALVAGE—COMPENSATION.

A schooner laden with coal struck and sank in very dangerous water at the entrance of Long Island sound, only the main rail being out of water. The locality was an exceptionally bad one in which to save either vessel or cargo. Libelant, the owner of a wrecking equipment, offered to save the top-hamper for 50 per cent. of its value, if successful, and subsequently offered to save it for 40 per cent., if he could have 75 per cent. of the cargo also as salvage service. The agent of the vessel's owners accepted this proposition. The libelant communicated this offer to the consignees and insurers, without receiving any reply. Libelant took a lighter, a tug, and 12 men, and in 2 days had the top-hamper ashore safely. He secured the services of a large steam wrecking vessel, having a foreman and 2 men, and with his own lighter and tug proceeded to pump the coal out of the hull. After getting a small part out, by the aid of the current the vessel was raised and, with difficulty, gotten ashore on the same day. Shortly afterwards the coal was removed. The top-hamper alone was worth $800 to $1,000, and the schooner and hamper were worth $1,200 to $1,500, and the coal was worth $1,575. The owners of the vessel paid libelant $600 more than 70 per cent. of his estimate of the value, and the insurers offered him their interest in the cargo for $600. The steam wrecking vessel usually earned $100 per day, and libelant paid her owners $600 for her services, which were indispensable to the saving of the vessel and cargo. *Held*, that $1,000 should be allowed to libelant for his salvage service upon the cargo. Affirming 39 Fed. Rep. 285.

In Admiralty.   On appeal from district court.   39 Fed. Rep. 285.

Libel for salvage by Thomas A. Scott against Four Hundred and Forty-Five Tons of Coal; the China Mutual Insurance Company, claimant and appellant.

*Samuel Park*, for libelant.

*Walter C. Noyes*, for claimant.

Lacombe, J.   The amount of salvage fixed by the district court should not be disturbed except where some clear and palpable mistake or gross overallowance is shown.   *Hobart* v. *Drogan*, 10 Pet. 119; *The Camanche*, 8 Wall. 448.   In view of the situation of the vessel when the salvage service was entered upon, and the large amount of money (large in proportion to the value of the property sought to be saved) which the libelant put at risk, it cannot be seriously claimed that there has been any gross overallowance. It is argued by the appellant that the district judge by mistake took into consideration items of charge for services rendered subsequently to the acceptance of the coal by the insurance company, and at their request, and for which, irrespective of the decision of this case, he has a cause of action against the insurance company.   The record, however, does not disclose any such contract with the insurance company as would support an independent action for these items.   Nor does it appear that the amount awarded by the district court was increased in consequence of the proof of these items.   In the undisputed items of expense, and the situation of the vessel, there is quite sufficient to sustain the award.   Nor has any different ratio of salvage for vessel and for cargo been assessed by the district judge.   He has determined what was a proper compensation for the service rendered to the

cargo, and declined to alter his finding because it appeared that the vessel owner and salvor agreed out of court upon a different ratio for this vessel. Decree affirmed.